NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW GLASER, | Civil Action No.: 19-13020 (CCC) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| RICKENBACKER MARINA, INC., *et al.*, | |
| Defendants. | |

**CECCHI, District Judge.**

**WHEREAS** Plaintiff Andrew Glaser ("Plaintiff") filed a Complaint in the Superior Court of New Jersey, Bergen County on December 31, 2018, alleging that Defendants Rickenbacker Marina, Inc. ("Rickenbacker") and Aabad Melwani ("Melwani") (collectively "Defendants") made misrepresentations and breached express and implied warranties regarding the condition of a boat (the "Boat") that they sold to Plaintiff. ECF No. 1-1; and

**WHEREAS** on May 29, 2019, Defendants removed this action to federal court. ECF No. 1; and

**WHEREAS** on the same date, Defendants filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) (the "Motion").[1] ECF No. 5; and

**WHEREAS** "[s]pecific jurisdiction over a defendant exists when that defendant 'purposefully directs his activities at residents of the forum and the litigation results from alleged

---

[1] Defendants also seek dismissal for improper venue and for failure to state a claim upon which relief can be granted, but because the Court finds the exercise of personal jurisdiction improper in New Jersey as currently alleged in the Complaint, it need not address the other potential grounds for dismissal at this time.

1

injuries that arise out of or relate to those activities.'" *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citations omitted); and

**WHEREAS** "[f]or a corporation, 'the place of incorporation and principal place of business' are where it is 'at home' and are, therefore, the paradigm bases for general jurisdiction." *Malik v. Cabot Oil & Gas Corp.*, No. 16-2829, 2017 WL 4260816, at *2 (3d Cir. Sept. 26, 2017) (citations omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); and

**WHEREAS** "[i]f personal jurisdiction is contested, the plaintiff bears the burden to produce actual evidence, through sworn affidavits or other competent evidence, and not through bare pleadings alone, of the defendant's contacts with the forum." *Akshayraj, Inc. v. Getty Petroleum Mktg., Inc.*, No. 06-2002, 2008 WL 11377793, at *1 (D.N.J. Apr. 11, 2008); and

**WHEREAS** the Motion states that this Court lacks personal jurisdiction over Defendants because "[Rickenbacker] has not done—nor is it alleged to have done—any act by which it purposefully availed itself of the privilege of conducting activities in New Jersey," (ECF No. 6 at 4), because "there is no evidence that Melwani purposefully directed his activities at New Jersey, nor [i]s there any evidence that the transaction forming the basis of the Plaintiff's complaint had anything to do with Melwani's contacts with the state of New Jersey," (id. at 5), and because Defendants are not at home or domiciled in New Jersey (id. at 2-3, 4); and

**WHEREAS** Plaintiff asserts that Defendants advertised the Boat on Craigslist in Florida (ECF No. 1-1 at ¶ 14), but fails to allege that Defendants purposefully directed their activities at New Jersey as is required to show that specific personal jurisdiction exists; and

**WHEREAS** Plaintiff fails to allege or argue that Defendants are at home or domiciled in New Jersey as is required to show that general personal jurisdiction exists. ECF No. 6 at 2-3, 4;[2] and

**WHEREAS** Plaintiff has not filed an opposition to Defendants' motion to dismiss by the date of this Order and has not met his burden for showing that personal jurisdiction over Defendants in New Jersey is proper.

Accordingly, **IT IS** on this 30th day of January, 2020,

**ORDERED** that Defendants' motion to dismiss Plaintiff's Complaint is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff is granted thirty (30) days to file an Amended Complaint that cures the deficiencies set forth by the Court.

**SO ORDERED.**

_____
**CLAIRE C. CECCHI, U.S.D.J.**

---

[2] The Complaint, in fact, alleges that Rickenbacker is incorporated and has its principal place of business in Florida, and that Melwani is domiciled in Florida, meaning Defendants are clearly not at home or domiciled in New Jersey. ECF No. 1-1 at ¶¶ 5-6.